1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9   FRANK L. CARDONA,                          CV F   03-5107 OWW DLB HC

10                    Petitioner,             ORDER DENYING PETITIONER'S MOTION
                                              FOR CERTIFICATE OF APPEALABILITY
11        v.
                                              [Doc. 36]
12
     ANTHONY LAMARQUE,
13
                      Respondent.
14   _____/

15
16        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254.

18        On February 9, 2005, the Magistrate Judge assigned to this case issued Findings and

19   Recommendations that the instant petition for writ of habeas corpus be denied.  Petitioner filed

20   objections on March 21, 2005, and on April 6, 2005, the undersigned adopted the Findings and

21   Recommendations in full and judgment was entered in favor of Respondent.

22        On April 27, 2005, Petitioner filed a motion to amend or make additional factual findings.

23   The motion was denied on May 19, 2005.

24        On June 21, 2005, Petitioner filed a motion for a certificate of appealability.

25        The requirement that a petitioner seek a certificate of appealability is a gate-keeping

26   mechanism that protects the Court of Appeals from having to devote resources to frivolous

27   issues, while at the same time affording petitioners an opportunity to persuade the Court that,

28   through full briefing and argument, the potential merit of claims may appear.  Lambright v.

1

1   <u>Stewart</u>, 220 F.3d 1022, 1025 (9th Cir. 2000).  However, a state prisoner seeking a writ of habeas

2   corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal

3   is only allowed in certain circumstances.  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-336 (2003).

4   The controlling statute, 28 U.S.C. § 2253, provides as follows:

5       (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district
        judge, the final order shall be subject to review, on appeal, by the court of appeals for the
6       circuit in which the proceeding is held.
        (b) There shall be no right of appeal from a final order in a proceeding to test the validity
7       of a warrant to remove to another district or place for commitment or trial a person
        charged with a criminal offense against the United States, or to test the validity of such
8       person's detention pending removal proceedings.
        (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may
9       not be taken to the court of appeals from--
            (A) the final order in a habeas corpus proceeding in which the detention
10          complained of arises out of process issued by a State court;  or
            (B) the final order in a proceeding under section 2255.
11      (2) A certificate of appealability may issue under paragraph (1) only if the applicant has
        made a substantial showing of the denial of a constitutional right.
12      (3) The certificate of appealability under paragraph (1) shall indicate which specific issue
        or issues satisfy the showing required by paragraph (2).

13

14      Accordingly, final orders issued by a federal district court in habeas corpus proceedings

15  are reviewable by the circuit court of appeals, and, in order to have final orders reviewed, a

16  petitioner must obtain a certificate of appealability.  28 U.S.C. § 2253.  This Court will issue a

17  certificate of appealability when a petitioner makes a substantial showing of the denial of a

18  constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must

19  establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition

20  should have been resolved in a different manner or that the issues presented were 'adequate to

21  deserve encouragement to proceed further'."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)

22  (<i>quoting</i> <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983)).

23      In the present case, the Court finds that Petitioner has not made the required substantial

24  showing of the denial of a constitutional right to justify the issuance of a certificate of

25  appealability.   Reasonable jurists would not find it debatable that Petitioner has failed to show

26  an entitlement to federal habeas corpus relief.  Accordingly, the Court hereby ORDERS that

27  Petitioner's motion for a certificate of appealability is DENIED.

28      IT IS SO ORDERED.

**Dated:**     **January 25, 2006**                     **/s/ Oliver W. Wanger**
emm0d6                                          UNITED STATES DISTRICT JUDGE